IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONIA MARQUEZ APONTE | : | CIVIL ACTION |
| | : | NO. 11-6320 |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |

O'NEILL, J.                                                                                                                                                              February 5, 2013

### MEMORANDUM

Plaintiff Sonia Marquez Aponte seeks review of the Social Security Commissioner's decision denying her claim for disability insurance benefits. I referred plaintiff's case to United States Magistrate M. Faith Angell for a Report and Recommendation and on November 21, 2012, Judge Angell recommended that plaintiff's request for review be denied. Dkt. No. 14. Plaintiff filed timely objections to the Report and Recommendation, Dkt. No. 15, to which defendant filed a response, Dkt. No. 16. For the reasons that follow I will adopt Judge Angell's Report and Recommendation, overrule plaintiff's objections and deny plaintiff's request for review.

### BACKGROUND AND STANDARD OF REVIEW

The background of this case and the applicable standard of review are set forth in detail in the Report and Recommendation and will be recited here only as necessary to address the issues presented by plaintiff's objections.

The Report and Recommendation finds that there was substantial evidence in the record to support: (1) the ALJ's determination that plaintiff's severe impairments consist of depression and anxiety and not mixed personality or somatoform disorders, Dkt. No. 14 at ECF p. 19; (2)

the ALJ's determination that plaintiff is able to do sedentary work with non-exertional limitations, id. at ECF p. 24; (3) the ALJ's decision to give little weight to the November 13, 2009 Medical Source Statement of Dr. Ballas, id. at ECF p. 38; and (4) the vocational examiner's testimony regarding plaintiff's residual functional capacity – testimony that the ALJ relied on in reaching his conclusion that plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Id. at ECF p. 41. Plaintiff contends that Judge Angell erred in not accepting the arguments in her initial briefs in support of her request for judicial review of the Commissioner's final decision. See Dkt. No. 15 at ECF p. 1 ("Plaintiff respectfully suggests that [the Report and Recommendation] did not adequately deal with the various factors raised in [her] two briefs . . . ."). Her objections to the conclusions set forth in the Report and Recommendation essentially reassert issues already presented to the Magistrate Judge. "In the interests of caution, however, this Court [will] briefly review all of [plaintiff's] objections . . . ." Palmer v. Astrue, No. 09-820, 2010 WL 1254266, at *6 (E.D. Pa. Mar. 31, 2010). Compare Palmer v. Astrue, 410 F. App'x 490, 491 n.1 (3d Cir. 2011) (declining to "consider whether a district court, when considering objections to a report and recommendation, can overrule the objections on the ground that they merely rehash arguments made before the magistrate judge") with Martinez v. Astrue, No. 10-5863, 2011 WL 4974445, at *2-4 (E.D. Pa. Oct. 19, 2011) (declining to engage in de novo review of duplicative objections and overruling such objections in an absence of "clear error or manifest injustice in the" report and recommendation). In assessing plaintiff's objections, I must evaluate de novo those portions of the Report and Recommendation to which objection has been made. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d

667, 669 (E.D. Pa. 2001).

The issue to be addressed on appeal from a denial of benefits is whether the Commissioner's decisions are supported by substantial evidence. See 42 U.S.C. § 405(g); see also Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). "It is less than a preponderance of the evidence but more than a mere scintilla." Jesurum v. Sec'y of U.S. Dept. of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). Where the ALJ's factual findings are supported by substantial evidence, I am bound by them even if I would have reached different conclusions. See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). A reviewing court may not "[w]eigh the evidence or substitute [its own] conclusions for those of the fact-finder." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

When an ALJ renders his decision, he is not required to cite to every piece of evidence in the record. Fargnoli, 247 F.3d at 42. Rather, he must only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); cf. Berry ex rel. M.E. v. Astrue, No. 09-4390, 2011 WL 381911, at *2 (E.D. Pa. Feb. 2, 2011) (holding that regulation requiring ALJ to consider certain evidence did not require ALJ to discuss explicitly the effect of that evidence on his opinion). "A 'comprehensive explanation' need not always accompany a decision to reject a piece of probative evidence, since 'a sentence or short paragraph would probably suffice' in most instances." Knox v. Astrue, No. 09-1075, 2010 WL 1212561, at *7 (W.D. Pa. May 26, 2010),

quoting Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981). Further, an ALJ may reject evidence "without explanation" where there is "[o]verwhelming evidence in the record discount[ing] its probative value, rendering it irrelevant." Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).

## DISCUSSION

I consider plaintiff's specific objections as follows.

## I.  Determination of Severe Impairment

Plaintiff first objects that the Report and Recommendation is in error because it agrees with the ALJ's conclusion that plaintiff's severe impairments consist only of depression and anxiety and does not find that the ALJ incorrectly ruled out a diagnosis of mixed personality and/or somatoform disorder. Dkt. No. 15 at ECF p. 2-6. Plaintiff asserts that the ALJ's determination was flawed as "[n]o expert of record has ever contended that the diagnosis of a personality disorder and/or somatoform/somatization disorder is inappropriate here." [1] Dkt. No. 15 at ECF p. 3. Plaintiff contends that the Report and Recommendation "would legitimize defendant's right to ignore the diagnosed 'somatoform disorder,' and failure to weigh the

---

[1] In her objections to the report and recommendation, plaintiff also argues for the first time "this would be an appropriate case for the ALJ to schedule a psychiatric Medical Expert to analyze the evidence at a supplemental hearing on remand." Dkt. No. 15 at ECF p. 10. Plaintiff did not raise this issue in her opening brief, Dkt. No. 7, or in her reply brief. Dkt. No. 10, and thus there exists a basis for finding that she has waived this objection. See Paul v. Astrue, No. 07-959, 2008 WL 2053808, at *3 (M.D. Pa. May 13, 2008) (concluding that the plaintiff may have waived an argument first raised in his objections to a magistrate judge's report and recommendation).

Even if plaintiff has not waived this objection, it has no merit. As is further set forth below, I find that the ALJ had substantial evidence to support his determination that plaintiff was not disabled. As a result, the ALJ was not obligated to obtain the opinion of a medical expert to reach his decision. See 20 C.F.R. § 416.920b (providing that, even if the record evidence is inconsistent, further record development is not required if, after weighing all the evidence, a disability determination can be made).

diagnosed 'cluster B personality disorder," even though "no expert has indicated that the diagnoses here 'conflict' . . . ." Id. at ECF p. 4.  She notes that the ALJ's "'final' decision never states that there is any 'conflict' to be resolved . . . or that a 'choice' has been made." Id. at ECF p. 5.  She contends that the ALJ's decision does not sufficiently develop the record on this issue where it "never mentions the diagnosed somatoform/somatization/Section 12.07 disorder, and fails to analyze, discredit or evaluate the potential significance of the diagnosed cluster B personality disorder." Id. at ECF p. 6.

Judge Angell found that the record demonstrated "numerous possible diagnoses for Plaintiff's impairment," and concluded that "there [wa]s substantial evidence for the ALJ's decision finding that Ms. Marquez Aponte's severe impairments consist of depression and anxiety." Dkt. No. 14 at ECF p. 19.  I agree with her conclusion.  As Judge Angell understood, "[w]hen the medical testimony or conclusions conflict, the ALJ is not only entitled to, but required to, choose between them." Dkt. No. 14 at ECF p. 15, citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981) and 20 C.F.R. § 416.927.  "[I]n coming to a decision, it is the ALJ's responsibility to resolve conflicts in the evidence and to determine credibility and the relative weights to be given to the evidence." James v. Astrue, No. 11-253, 2011 WL 7143113, at *11 (E.D. Pa. Dec. 27, 2011) report and recommendation adopted, No. 11-253, 2012 WL 346676, at *1 (E.D. Pa. Feb. 3, 2012).  There is "no authority for the proposition that an ALJ must cite all evidence a claimant presents . . . ." Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008) (upholding an ALJ's determination that omitted certain physician's opinions because the omitted opinions were inconsistent with other substantial evidence).

In reaching his determination the ALJ relied on a wealth of evidence contained in the record, including plaintiff's complaints, her treatment notes, a medical source statement and the

information presented at her December 7, 2009 hearing.  Dkt. No. 6-2 at ECF p. 26.  As the ALJ noted in his decision, plaintiff's attorney stated at her hearing that he did not "see a formal diagnosis for the claimant's abdominal problems and complaints of burning pain."  Id.  Likewise, the ALJ pointed to "a medical source statement by [plaintiff's] treating physician" that referred to " a variety of limitations due to 'weakness/pain on exam' but state[d] not even one diagnosis." Id.  It is clear from the record, however, that the ALJ considered both the personality disorder and somatoform disorder diagnoses in rendering his decision.  With respect the personality disorder diagnosis, the ALJ's  residual functional capacity determination references a medical source statement by Dr. Christos Ballas in which Dr. Ballas diagnosed plaintiff with "bipolar disorder and a mixed PD (personality disorder)."  Dkt. No. 6-2 at ECF p. 29, citing Dkt. No. 6-14 at ECF p. 62 (Exhibit 32F to the administrative transcript).

With respect to the somatoform disorder diagnosis, at plaintiff's hearing, listening to plaintiff's testimony regarding a burning feeling in her hands, the ALJ asked whether "there [was] a diagnosis attached to that?" Dkt. No. 6-2 at ECF p. 45.  Plaintiff's attorney first responded that he

> d[id]n't see a formal diagnosis attached to that, judge.  Nor do I see a formal diagnosis attached to the repeated hospitalizations for abdominal problems and vomiting.  At one point, for that, they mentioned gastroenteritis, at one point, but through most of it, you know, they really don't make it clear what causes it.  But there've been a number of hospitalizations because of that particular condition.

Id.  The ALJ responded by saying "Wasn't one diagnosis at least a somatization disorder?"  Id.  Plaintiff's attorney responded, "There is an indication that there might be a somatization disorder, that's correct."  Id.  To which the ALJ responded, "Okay, Okay."

While the ALJ could have facilitated judicial review by enumerating his reasons for finding that personality disorder or somatoform disorder were not among plaintiff's severe impairments, I find that there is substantial evidence in the record to support his implicit rejection of the diagnoses of mixed personality and/or somatoform disorders and his adoption of the diagnoses of depression and anxiety as plaintiff's severe impairments. That is, "a reasonable person viewing the evidence might accept it as adequate to support the conclusion that the [ALJ] reached." Palmer v. Comm'r of Soc. Sec., 410 F. App'x 490, 491-92 (citation omitted). Therefore I concur with the Magistrate Judge's conclusion that remand for additional analysis with respect to the determination of plaintiff's substantial impairments is unwarranted on the face of the record and I cannot sustain plaintiff's first objection.

## II.     Consideration of Plaintiff's Somatic Complaints

Plaintiff's second objection overlaps with her first in that she argues that the Report and Recommendation does not acknowledge that, by excluding her somatoform or personality disorders from his consideration, the ALJ did not address additional restrictions attributable to those disorders. Dkt. No. 15 at ECF p. 6-7. Plaintiff claims that as a result of this omission the Report and Recommendation "negates [her] challenge to the sufficiency of defendant's evaluation of [her] 'pain' and 'non-exertional' complaints." Id. at ECF p. 6. She contends that the Report and Recommendation incorrectly concludes that the ALJ took plaintiff's somatoform disorder and its consequences into account when he determined that plaintiff is able to do sedentary work with non-exertional limitations. Id.

In her Report and Recommendation, Judge Angell concluded that "there is no merit to Plaintiff's argument that the ALJ failed to evaluate the non-exertional characteristics in assessing her RFC. It is evident that he did not negate Ms. Marquez Aponte's pain nor her other non-

exertional symptoms." Dkt. No. 14 at ECF p. 24.  I concur with Judge Angell's conclusion and disagree with plaintiff's contention that the ALJ failed to properly take into account the consequences of her somatoform or personality disorders in making his residual functional capacity determination.

"[T]he ALJ is not required to mention every item of evidence, particularly when reviewing an extensive medical history of several hundred pages, as appears here." Davis v. Astrue, 830 F. Supp. 2d 31, 47 (W.D. Pa. 2011), citing Fargnoli, 247 F.3d at 42.  The ALJ's decision clearly states that when he made his residual functional capacity finding, he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . " Dkt. No. 6-2 at ECF p. 28.  His decision references his review of plaintiff's mental health therapy notes, including a record from a visit to Dr. Ballas where she was diagnosed with "bipolar disorder and a mixed PD (personality disorder)" Dkt. No. 6-2 at ECF p. 29, citing Dkt. No. 6-14 at ECF p. 6 (Exhibit 32F. to the administrative transcript), a subsequent psychiatric medical source statement by Dr. Ballas,[2] her psychiatric hospitalization records, her emergency room records, the biopsychosocial evaluation plaintiff underwent at the Northeast Community Mental Health Centers, Inc. on August 11, 2008, therapy notes from the Northeast Community Mental Health Centers from December 2008 to August 2009, statements from nonexamining expert sources, and plaintiff's own testimony.[3]  Dkt. No. 6-2 at ECF p. 28-30.  In his conclusion with respect to plaintiff's residual functional

---

[2]  The ALJ concluded that the psychiatric medical source statement was "not supported by the treating notes.  Dkt. No. 6-2 at ECF p. 28.

[3]  The ALJ also determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible . . . ."  Dkt. No. 6-2 at ECF p. 29.

capacity, the ALJ reiterated that he had "considered all of the medical evidence, including from the treating sources and from the State agency" and that he had "considered the claimant's own subjective allegations of disabling impairments." Id. at ECF p. 30.  Ultimately, he concluded that there was "nothing in the record to indicate that she is unable to do sedentary work with all necessary non-exertional limitations." Id. at ECF p. 30.

Even though he did not explicitly reference plaintiff's somatoform disorder and he made only a passing reference to personality disorder, the ALJ reviewed records identifying these disorders and plaintiff's reported symptoms in his consideration of the materials identified above when he made his residual functional capacity assessment.[4]  His decision clearly sets forth reasons for discrediting certain information in the record.[5]  I find that there was substantial evidence to support the ALJ's residual functional capacity determination and I will not sustain plaintiff's second objection.  See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (concluding that the ALJ made a "satisfactory if indirect consideration" of plaintiff's obesity, a diagnosis he did not explicitly consider, when "the administrative record indicate[d] clearly that the ALJ relied on the voluminous medical evidence as a basis for his findings regarding [the plaintiff's] limitations and impairments"); see also Muniz v. Astrue, No. 11-7920, 2012 WL 6609006, at *5 (E.D. Pa. Dec. 19, 2012) (finding that the ALJ did not commit a harmful error in reviewing the impact on the plaintiff of a diagnosis that the ALJ did not find to constitute a

---

[4] For example, his decision specifically references plaintiff's discharge summary from her psychiatric hospitalization from July 15 to August 6, 2008, Dkt. No. 6-2 at ECF p. 28. Among the discharge diagnoses listed for plaintiff on that document were "[d]epressive disorder, not otherwise specified.  Rule out somatization disorder" and "Cluster B traits." Dkt. No. 6-11 at ECF p. 5.

[5] For example, finding that it "was not supported by the treating notes" he accorded little weight to a November 13, 2009 medical source statement from a doctor who "provided no diagnosis, but merely just checked off boxes on the form" and who "gave no specifics or medical reasoning to support such extreme limitations." Dkt. No. 6-2 at ECF p. 29.

severe impairment "because the ALJ considered the pain which would be associated with the neuropathy that Plaintiff describes").

### III. Whether the Report and Recommendation Improperly Reweighs Record Evidence

Plaintiff's third objection contends that Judge Angell's Report and Recommendation reweighs the evidence of record and thus constitutes an improper de novo review of the ALJ's decision. I disagree.

It is not the reviewing court's function to re-weigh evidence and arrive at its own credibility determination. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Rather, the reviewing court must determine only whether the ALJ's determination is supported by substantial evidence. Id. But, "[w]hen determining whether the ALJ's decision is supported by substantial evidence, the [reviewing c]ourt may look to any evidence in the record, regardless of whether the [ALJ] cites to it in his decision." Purnell v. Astrue, 662 F. Supp. 2d 402, 413 (E.D. Pa. 2009) (citations omitted).

I find that Judge Angell appropriately applied the substantial evidence standard of review in determining the appropriateness of the ALJ's decision. Her Report and Recommendation appropriately summarizes the evidence of record that supports her conclusion that the ALJ's determinations were based on substantial evidence. See Gaul v. Barnhart, No. 07-351, 2008 WL 4082265, at *7 (E.D. Pa. Aug. 25, 2008) (finding that the Magistrate Judge properly reviewed and summarized evidence presented to the ALJ in determining whether the ALJ's findings were supported by substantial evidence). Further, to the extent that the ALJ's decision does not fully discuss each piece of evidence contained in the administrative record, the Court of Appeals has held that "Fargnoli does not establish that a [reviewing] court may not explain an ALJ's failure

to cite irrelevant evidence . . . ." Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008). I will overrule plaintiff's third objection.

### IV. Sufficiency of the Vocational Hypothetical Question

Plaintiff's fourth objection states only that "as to the supposed sufficiency of the vocational hypothetical question relied on by the ALJ . . . see ou[r] quote from Fargnoli, supra." Dkt. No. 15 at ECF p. 9. I conclude that there is no merit to this objection because I find that substantial evidence supported the ALJ's determination of plaintiff's residual functional capacity and thus this determination appropriately informed the hypothetical question to the vocational expert. I will overrule plaintiff's fourth objection.

### CONCLUSION

I will approve and adopt the Report and Recommendation and deny plaintiff's request for review. An appropriate Order follows.